UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PATRICK STEWART | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-343RM |
| | ) | (Arising from 3:02-CR-93(01)RM) |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

Patrick Stewart was convicted after a two-jury trial on two counts of transmitting threatening communications in interstate commerce in violation of 18 U.S.C. § 875(c). Following a two-day sentencing hearing, he was sentenced to an aggregate sentence of 64 months' imprisonment. While his case was on direct appeal, Mr. Stewart filed a petition for relief under 28 U.S.C. § 2255. In its response to the petition, the government noted the impropriety of proceeding on the petition during the pendency of the direct appeal, and the court dismissed the petition without prejudice to its refiling after his appeal was resolved. See United States v. Barger, 178 F.3d 844, 848 (7th Cir. 1999).

The court of appeals affirmed Mr. Stewart's conviction and sentence on June 14, 2005, and Mr. Stewart now asks that his petition under § 2255 (which he supplemented by way of reply after the government filed its response) be reinstated. The court grants that motion, but denies the § 2255 petition on its merits.

The facts giving rise to Mr. Stewart's conviction are well told in the court of appeals' opinion, United States v. Stewart, 411 F.3d 825, 826-827 (7th Cir. 2005), and will be mentioned here only to the extent needed to discuss Mr. Stewart's

post-conviction arguments. In his petition, his reply brief, and the affidavit that accompanied his reply, Mr. Stewart may be understood to be raising the following arguments: (1) no competency hearing was held or requested; (2) two memoranda (Government Exhibits 3 and 4) were admitted in evidence at trial improperly; (3) FBI agents from Washington, D.C. were not called to testify at trial; (4) no surrebuttal opportunity was given to address allegations about bombing threats concerning the board of realtors; (5) there was no proof that Mr. Stewart placed a call from Illinois; and (6) 18 U.S.C. § 875(c) is unconstitutionally vague.

First, Mr. Stewart asserts that he had statutory and constitutional rights to a hearing to determine his competency before trial and before his sentencing hearing. His various arguments surround (without finally reaching) a suggestion that he was incompetent to stand trial; his primary position appears to be that he was entitled to a hearing and didn't get one.

A criminal defendant is incompetent to stand trial if he cannot understand the nature of the proceedings and offer meaningful assistance to his attorney. United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1012 (7th Cir.1984). A defendant's right to a fair trial is violated if a trial court fails to conduct a competency hearing, even without request, if a bona fide doubt exists as to the defendant's competency to stand trial, Pate v. Robinson, 383 U.S. 375, 385 (1966), and the trial "court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial," Drope v. Missouri, 420 U.S. 162 (1975). Section 4241 of Title 18 of

2

the United States Code sets forth proceedings that are required "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

Neither Mr. Stewart nor his attorney sought a determination of his competency before either the trial or the sentencing hearing; while far from determinative, that silence says something of Mr. Stewart's competence to stand trial. Balfour v. Haws, 892 F.2d 556,561 (7th Cir.1989). Nothing in the record amounts to a suggestion of incompetency. Mr. Stewart conducted legal research on his own. He behaved appropriately in the courtroom. He understood and recalled the testimony of other witnesses when he took the stand. In his own trial testimony, he was responsive to the questions asked of him (though he also was talkative and occasionally took the long way around to an answer). At sentencing, he referred with manifest comprehension to the laws affecting his criminal case.

Mr. Stewart was (and, judging by subsequent correspondence, remains) obsessed by what he sees as his union's unfair treatment of him in and since 1990, and that obsession appears to have played a central role in the criminal conduct for which he was convicted. But nothing in this record suggests that the court should have had any reason to think that Mr. Stewart's obsession (or anything else) was such that he did not understand the nature of the charges and the proceedings, or that he could not assist his attorney.

Other than offering conclusions, Mr. Stewart's submissions contain nothing to suggest that he misunderstood anything about the case or that his ability to assist his attorney was impaired. In his reply affidavit, he says his attorney arranged for and received an assessment (perhaps only a letter, rather than a formal report) from a Dr. Courtney, a psychologist, and never showed it to Mr. Stewart; though he told Mr. Stewart the assessment was unfavorable. That information troubles Mr. Stewart, who understood Dr. Courtney to say (to Mr. Stewart) that Mr. Stewart was delusional, paranoid delusional, or paranoid schizophrenic or borderline personality. The court was not informed of any assessment by Dr. Courtney, or of any statements Dr. Courtney made to Mr. Stewart, so that information could not have triggered a right for the court to conduct a competency hearing. *See also* Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir.1996) ("The Constitution does not necessarily forbid trial of the mentally ill."); United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1012 (7th Cir. 1984) ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather the evidence must indicate a present inability to assist counsel or understand the charges.").

Of course, if a defendant's attorney has good reason to doubt the defendant's competency, a failure to make the court aware of that concern might violate the defendant's constitutional right to effective assistance of counsel. To demonstrate ineffective assistance of counsel, Mr. Stewart would have to show both that (1) counsel's behavior fell well below an objective standard of

4

reasonableness and (2) the trial's result would have been different but for counsel's errors. Strickland v. Washington, 466 U.S. 668, 687 (1984). The second prong poses no obstacle to Mr. Stewart's petition: had his attorney requested a competency hearing, Mr. Stewart would have received one, not because the court would have had reason to doubt Mr. Stewart's competency, but rather because the hearing would be mandatory. *See* 18 U.S.C. § 4241(a).

Mr. Stewart, though, offers no suggestion in his submissions as to why any objective standard of reasonableness would demand that his attorney request a competency determination. Mr. Stewart's submissions are longer on legal principles than on facts, but the facts he sets forth defeat his claim. Mr. Stewart reports that his attorney arranged for an assessment by a psychologist, and the assessment didn't indicate that Mr. Stewart was incompetent to stand trial. Mr. Stewart offers no hint of any reason why his attorney should have requested a hearing anyway.

That Mr. Stewart's competency to stand trial was not the subject of a pretrial (or presentence) hearing provides no ground for relief under § 2255. The same is true of his other claims.

Mr. Stewart argues that Exhibits 3 and 4 should not have been admitted because they were unsigned and because he was not the maker of the exhibits. Those exhibits were admitted under Fed. R. Evid. 803(6) over Mr. Stewart's hearsay objection, and Rule 803(6) doesn't require an entrant's signature or that

5

the accused be the maker of the document. *See, e.g.,* <u>United States v. Fujii</u>, 301 F.3d 535, 539 (7th Cir. 2002).

Mr. Stewart argues that two FBI agents from Washington, D.C. were involved in the investigation but didn't testify at trial. He doesn't allege that their identities were withheld, or that he was somehow prevented from calling them. He simply seems to think the government needed to call them to the stand. There is no requirement that the government place on the stand every person who may know something of an investigation. The government presented sufficient evidence at trial to support guilty verdicts, and wasn't required to go beyond that.

On cross examination, Mr. Stewart volunteered that he had never phoned someone and threatened to blow something up. On rebuttal, the government presented two witnesses who testified that when they worked for an area board of realtors, Mr. Stewart (reportedly upset that a house had been sold) telephoned and threatened to blow up the house. Mr. Stewart asked to respond in surrebuttal, and the court declined his request: the rebuttal witnesses had testified, in total, for less than 20 minutes, and the trial's focus threatened to shift from the charged phone calls to the uncharged calls. Mr. Stewart declares that he had a right to present his surrebuttal. He is wrong; surrebuttal is within the trial court's discretion, and since the government's rebuttal evidence simply responded to Mr. Stewart's testimony in his case-in-chief rather than to the charged crimes, there was no abuse of discretion. *See* <u>United States v. Wilson</u>, 134 F.3d 855, 867 (7th Cir. 1998).

The rest of Mr. Stewart's claims can be resolved quickly. Mr. Stewart complains that there was no proof that he placed any call from Illinois, but he wasn't charged with having done so; he was charged with placing threatening calls from Indiana. He complains that the statute under which he was charged, 18 U.S.C. § 875(c), is unconstitutionally vague, but the court of appeals ruled against him on the statute's constitutionality on the direct appeal. United States v. Stewart, 411 F.3d at 827-828.

For all of the foregoing reasons, the court GRANTS Mr. Stewart's motion [Docket No. 105] to reinstate his petition under 28 U.S.C. § 2255 and DENIES that petition [Docket No. 62]. The court also DENIES Mr. Stewart's motion to declare sentence [Docket No. 104] and motion to inspect records [Docket No. 106] because Mr. Stewart has shown no entitlement to the relief sought in either motion. Finally, the court, having resolved Mr. Stewart's first motion under 28 U.S.C. § 2255, informs Mr. Stewart that any second or successive challenges to his conviction or sentence must be directed to the court of appeals rather than to this court. *See* 28 U.S.C. §§ 2244, 2255.

SO ORDERED.

ENTERED:  December 1, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court